## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ARTURO ROJAS-CASTILLO, )<br>    Plaintiff,          )<br>                        )<br>v.                      )<br>                        )<br>SUNSET CONCRETE, INC., )<br>    Defendant.        ) | CIVIL ACTION FILE NO.: |

## COMPLAINT

NOW COMES the Plaintiff, Arturo Rojas-Castillo ("Rojas-Castillo" or "Plaintiff"), and hereby submits his Complaint against Defendant Sunset Concrete, Inc., ("Sunset" or "Defendant Employer") on the following grounds:

### Jurisdiction

1.

This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. § 1331 (federal question), § 1337 (commerce) and under 29 U.S.C. § 216(b) ("Fair Labor Standards Act").

### Venue

2.

Venue is properly lodged in this judicial district and division pursuant to 28

U.S.C. § 1391(b) because Defendant Employer either resides or transacts business in the Northern District of Georgia and the unlawful employment practices alleged herein were and continue to be committed in the Northern District of Georgia, Atlanta Division.

## Parties

3.

Defendant Employer is a domestic corporation whose principal place of business is located at 4267 Springmill Drive, Cobb County, Marietta, GA 30062.

4.

Defendant Employer may be served with process on its registered agent, Jose Medina, 4270 Springmill Drive, Cobb County, Marietta, GA 30062.

5.

Plaintiff was employed by Defendant Employer as a manual laborer until approximately March 2013.

## Factual Allegations

6.

Defendant Employer is a concrete company in the business of concrete construction.

7.

Plaintiff was employed as an unskilled manual laborer for Defendant Employer.

8.

Plaintiff would regularly work more than forty (40) hours during the workweek. However, Plaintiff was not paid time and a half for overtime hours worked as required by 29 U.S.C. § 216(b).

9.

Defendant Employer was not exempt from paying Plaintiff overtime as Plaintiff did not fall within the category of exemptions listed in the Fair Labor Standards Act.

## COUNT ONE

### Fair Labor Standards Act Violations

10.

The allegations set forth in paragraphs 1 through 10 are incorporated herein by reference.

11.

Plaintiff is a member of the class of employees protected by the Fair Labor Standards Act. 29 U.S.C.§ 201 et seq.

12.

Plaintiff has performed substantial overtime work in the last three (3) years and is entitled to overtime compensation for two years preceding the filing of this Complaint with liquidated damages.  29 U.S.C. § 216(b).

13.

The Act allows for recovery of unpaid wages and overtime compensation for two years preceding the filing of the Complaint with a third year in case of willful violation.  29 U.S.C. § 255.  The Plaintiff seeks the benefit of a Section 255 violation with liquidated damages.

14.

Plaintiff also claim costs of this action and attorney's fees pursuant to 29 U.S.C. § 216(b).

## **Prayer for Relief and Demand for Jury Trial**

**WHEREFORE,** the Plaintiff prays for the following relief against the Defendant:

a. That summons issue and service be perfected upon the Defendant requiring appearance in this Court within the time required by law and to answer this Complaint;

b. That Plaintiff have a trial by jury;

c. That the Court declare Defendant's conduct and practices in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

d. That the Court permanently enjoin Defendant Employer, its officers, agents, employees, attorneys, and those acting in concert with them, from engaging in any employment policy or practice which violates overtime provision of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

e. That the Court permanently enjoin Defendant Employer, its officers, agents, employees, attorneys, and those acting in concert with them, from retaliation as prohibited by 29 U.S.C. § 215(a)(3);

f. That Plaintiff recover attorney's fees and all costs of pursuing this action, as provided by 29 U.S.C. § 216(b);

g. That Plaintiffs be awarded back pay and liquidated damages for the statutory period allowed by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

h. That Plaintiffs be awarded damages under 29 U.S.C. § 255 for a willful violation of the Act;

i. For such other and further relief as this Court may deem appropriate under the circumstance.

Respectfully submitted this 11th day of October, 2014.

CLAXTON LAW GROUP, LLC

*s/Muna H. Claxton*
Muna H. Claxton
Georgia Bar No.: 508508
545 N. McDonough Street
Suite 201
Decatur, GA 30030
Phone: (404) 669-6119
Fax:   (404) 475-3089
mclaxton@claxtonlawgroup.com