IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARTURO ROJAS-CASTILLO,

      Plaintiff,                        CIVIL ACTION FILE:
                                          1:14-cv-3284-MHC

v.

SUNSET CONCRETE, INC.

      Defendant.

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE

(sometimes "Agreement") is made and entered into by and between Sunset

Concrete, Inc., ("Sunset"), and Arturo Rojas-Castillo.

W I T N E S S E T H :

WHEREAS, Sunset and Arturo Rojas-Castillo (hereinafter "Parties"), desire

to settle fully and finally certain differences, claims, charges or complaints

between them related to Arturo Rojas-Castillo's employment with Sunset as set

            **EXHIBIT A**

forth in *Arturo Rojas-Castillo v. Sunset Concrete Inc.,* Civil Action № 1:14-cv-3284-MHC, (Northen District of Georgia, Atlanta Division);

NOW, THEREFORE, in consideration of the premises and mutual promises herein contained, IT IS AGREED AS FOLLOWS:

FIRST:  As a material inducement to Sunset to enter into this Agreement, Arturo Rojas-Castillo hereby irrevocably and unconditionally release, acquit, and forever discharges Sunset Concrete, Inc., its predecessors, successors, assigns, past and present partners, officers, board members, associates, agents, employees, representatives, attorneys, and all persons acting by, through, under or in concert with them or any of them, including its divisions, subsidiaries, affiliates (and officers, directors, agents, employees, representatives and attorneys of such divisions, subsidiaries and affiliates) and all persons acting by, through, under or in concert with them or any of them from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever.

SECOND:  As a material inducement to Arturo Rojas-Castillo to enter into this Agreement, Sunset, hereby irrevocably and unconditionally release, acquit, and forever discharge Arturo Rojas-Castillo and his attorneys, from any and all

**EXHIBIT A**

charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever.

THIRD: Arturo Rojas-Castillo agree and acknowledges that this Agreement is the result of a compromise and shall never at any time for any purpose be construed as an admission by Sunset of any liability or responsibility to Arturo Rojas-Castillo or any other person, entity or group.

FOURTH:  In consideration of this Agreement, Sunset agrees to pay Arturo Rojas-Castillo the sum of $16,557.00, (Sixteen Thousand Five Hundred Fifty Seven Dollars), by check payable to Arturo Rojas-Castillo and Claxton Law Group, LLC. Arturo Rojas-Castillo will satisfy any claims for attorneys' fees and expenses that Muna H. Claxton, Esq., may have against Sunset and will cause to be paid to Muna H. Claxton, Esq., all sums due Ms. Claxton.

Upon receipt of the proceeds set forth in this Paragraph, and said proceeds clearing the account of Claxton Law Group LLC, Arturo Rojas-Castillo agrees to dismiss with prejudice his complaint against Sunset in *Arturo Rojas-Castillo v. Sunset Concrete Inc.,* Civil Action № 1:14-cv-3284-MHC (Northen District of Georgia, Atlanta Division).

Page 3 of  7                    **EXHIBIT A**

FIFTH:  Parties to this Agreement and their counsel represent and agree that they will, keep the claims, terms, amount, and fact of the settlement and of this Agreement completely confidential, and will not hereafter disclose any information concerning the settlement or this Agreement to anyone except as provided herein. The Parties may respond to any inquiry about this Agreement by stating that the dispute between them has been settled to their mutual satisfaction. Notwithstanding the foregoing, the Parties may disclose matters subject to this confidentiality provision if compelled by court order, subpoena, or other legal requirement. Further, notwithstanding the foregoing, the Parties may also discuss the matters subject to this confidentiality provision with their attorneys, accountants, financial advisors, tax preparers, and other persons who are subject to an independent duty to maintain the confidentiality of such information.

SIXTH:  This Agreement is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said State.

SEVENTH:  Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

**EXHIBIT A**

EIGHTH: Arturo Rojas-Castillo represents that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein relating to his claims against Sunset and agrees to indemnify, defend and hold Sunset harmless from and against any and all claims, based on or arising out of any such assignment or transfer, or purported assignment or transfer, of any claims, or any portion thereof or interest therein.

NINTH:  Sunset represents that it has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein relating to any claims it may have against Arturo Rojas-Castillo and agrees to indemnify, defend and hold Arturo Rojas-Castillo harmless from and against any and all claims, based on or arising out of any such assignment or transfer, or purported assignment or transfer, of any claims, or any portion thereof or interest therein.

TENTH: The parties shall not disparage the conduct or business of one another to any other persons, entity, organizations, or employers. Should inquiry be made about the prior employment of Arturo Rojas-Castillo to Sunset, Sunset shall provide the dates of Arturo Rojas-Castillo's employment, state that he held

**EXHIBIT A**

the position of labor and that he is no longer employed. No other information will be disclosed.

ELEVENTH:  It is understood and agreed that this Mutual Release Agreement is voluntarily entered into and executed by each of the parties after having had the opportunity to be appraised by legal counsel, of their respective choice, and of the effects, significance and consequences of this Mutual Release Agreement.

TWELFTH:  For the purposes of this Agreement, the parties agree that any claim arising from or relating to a breach of a term or condition contained in this Agreement constitutes a separate claim or cause of action and these possible separate claims or causes of action arising from or relating to a breach of term or condition contained in this agreement or not waived in the releases contained herein.

THIRTEENTH:  This Agreement contains the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof.

**EXHIBIT A**

Executed and sealed in Atlanta, Georgia, this _____ day of March 2015.

_____ (SEAL)   _____(SEAL)
Jose L. Medina, President                  Arturo Rojas-Castillo
Sunset Concrete, Inc.

[SIGNATURES ON NEXT PAGE]

**EXHIBIT A**

Executed and sealed in Atlanta, Georgia, this 25th day of March 2015.

_____ (SEAL)          _____(SEAL)
Jose L. Medina, President                          Arturo Rojas-Castillo
Sunset Concrete, Inc.

Executed and sealed in Atlanta, Georgia, this 28th day of ~~March~~ April 2015.

_____ (SEAL)       _____ (SEAL)
Jose L. Medina, President                       Arturo Rojas-Castillo
Sunset Concrete, Inc.

Page 7 of 7