IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARTURO ROJAS-CASTILLO

Plaintiff,

CIVIL ACTION №:
1:14-cv-3284-MHC

v.

SUNSET CONCRETE, INC.,

Defendant.

**CONSENT ORDER**

This matter is before the Court on the joint motion of the parties to reopen the case under Rule 60(b)(6) of the Federal Rules of Civil Procedure and to approve the settlement of the plaintiff's Fair Labor Standards Act case. The parties also request the Court to enter an order dismissing with prejudice plaintiff's FLSA claim pursuant to their stipulation of dismissal.

On March 30, 2015, the Court, with prior notice to the parties and with their concurrence, entered an Order administratively closing the case based on the fact that the parties had previously announced they had reached a settlement. Docket № 9. In its Order closing the case the Court nevertheless noted that the parties should "promptly move to reopen the case" if that became necessary. *Id.* Under Rule 60(b)(6) of the Federal Rules of Civil Procedure a party may seek relief from

an order for "any . . . reason that justifies relief." The reason necessitating the reopening of this case is the requirement that the Court must approve the parties' FLSA settlement.

The Eleventh Circuit has recently clarified the requirement that the settlement of an FLSA case by a former employee of an employer requires the approval of the court. *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013). In approving an FLSA settlement, the court must ensure the settlement's fairness. *Id.* 723 F.3d at 1306 citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982). Only after the court is satisfied that the settlement comports with the requirements of the FLSA, and in particular the statutory requirements regarding an award of liquidated damages and attorney's fees, may the court approve the parties' settlement. *Nall*, 723 F.3d at 1307.

This Court has reviewed the Settlement Agreement and considered the joint motion and brief of the parties and the affidavit of defendant's payroll supervisor. The settlement amount was negotiated after defendant provided plaintiff's counsel with extensive documentation establishing the overtime hours worked by the plaintiff. The settlement compensates plaintiff for all overtime hours allegedly worked and includes the appropriate liquidated damages mandated by the FLSA as

well as an amount of reasonable attorney's fees.[1] The Court finds the settlement to be fair and consistent with the requirements of the FLSA. The settlement amount compensates the plaintiff for his overtime hours, includes all liquidated damages to which the plaintiff is entitled under the FLSA, and a provides a reasonable amount for attorney's fees.

As part of the pending motion, the parties have stipulated that the case should be dismissed with prejudice upon the Court's approval of the settlement.

**ACCORDINGLY**, for good cause shown, the parties' joint motion to reopen this case, (Docket № 10), is GRANTED and the parties' FLSA settlement is APPROVED. It is further ORDERED that pursuant to the parties' stipulation, this case is DISMISSED WITH PREJUDICE. Each party shall bear their own attorneys' fees and costs except as specifically noted in the parties' agreement.

---

[1] The evidence establishes plaintiff worked 1,139 hours of overtime between April 3, 2011 and April 20, 2013—plaintiff's last day of employment with defendant. The parties agreed to apply the FLSA's maximum three-year statute of limitations. They also agreed that plaintiff was paid his base rate of $13 per hour for all time worked, including for all overtime hours. Plaintiff's overtime enhancement is $6.50 per hour in addition to the $13 an hour for his base rate. Since the base rate had been previously paid, the parties applied the $6.50 overtime enhancement rate to the 1,139 hours of overtime to establish an overtime payment amount of $7,403.50. This amount was then doubled to satisfy the liquidated damages requirement of the FLSA and $1,750 was included as attorney's fees for the plaintiff. The total settlement amount is $16,557.00.

The Clerk shall mark the docket accordingly and close the case.

IT IS SO ORDERED this 30th day of April 2015.

UNITED STATES DISTRICT JUDGE

Consented to by:

**CLAXTON LAW GROUP, LLC**

s/ Muna H. Claxton
Georgia Bar №: 508508
545 N. McDonough Street
Suite 201
Decatur, Georgia 30030
Telephone: 404.669.6119
Facsimile: 404.475.3089
mclaxton@claxtonlawgroup.com

Counsel for Arturo Rojas-Castillo

**THE GONZÁLEZ LAW GROUP, LLC**

s/ C. A. González
Georgia Bar №: 300330
Post Office Box 49754
Atlanta, Georgia 30345
Telephone:770.908.1113
Facsimile: 866.325.5148
cag@gonzalez-law.com
www.gonzalez-law.com

Counsel for Sunset Concrete Inc.